Filed 11/15/24  City of Redondo Beach v. Independent Cities etc. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CITY OF REDONDO BEACH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>INDEPENDENT CITIES RISK MANAGEMENT AUTHORITY,<br><br>    Defendant and Appellant. | B328271<br><br>(Los Angeles County<br> Super. Ct. No. BC674909) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark V. Mooney, Judge.  Reversed and Remanded.

Johnson Schachter & Lewis and Kellie Marie Murphy; Gibbons & Conley, Sean C. Conley and A. Byrne Conley for Defendant and Appellant.

City of Redondo Beach, Michael W. Webb and Cristine Shin; The Feldhake Law Firm and Robert J. Feldhake for Plaintiff and Respondent.

## INTRODUCTION

The City of Redondo Beach (the City) initiated a lawsuit against the Independent Cities Risk Management Authority (ICRMA), a joint powers authority of which the City was a member. The City sought to overturn an assessment levied on ICRMA's members on the grounds that it was done in contravention of ICRMA's governing documents. After a bench trial, relying on stipulated facts and stipulated evidence, the court found in favor of the City and entered judgment against ICRMA. The court subsequently granted the City's motion for attorney fees and costs.

On appeal, ICRMA contends the assessment was done as required by its governing documents. Alternatively, ICRMA argues the City waived and was estopped from challenging the assessment by voting for it. ICRMA further argues the court erred in granting the City's motion for attorney fees and costs, specifically the award of expert fees and costs. Based on the trial court's limited findings and failure to rule on evidentiary objections, we reverse the judgment and remand the matter for further proceedings. In light of our holding, we reverse the court's order granting attorney fees and costs to the City.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  *ICRMA*

The following facts are taken from stipulated facts and stipulated evidence relied on by the trial court in issuing its decision.

ICRMA is a joint powers authority comprised of 14 California cities which pool their resources to support liability and workers' compensation self-insurance programs. The City was a member of ICRMA for over 31 years and formally withdrew from ICRMA on June 30, 2017.

ICRMA is governed by a Joint Exercise of Powers Agreement For Insurance And Risk Management Purposes (JPA Agreement), the ICRMA Bylaws (JPA Bylaws), and bylaws for each program. Under section 4.2 of the JPA Agreement, it states that "[e]ach Member agrees to be bound by and to comply with all of the terms and conditions of the Governing Documents and any Resolution or other action adopted by the Governing Board as they now exist or may hereinafter be adopted or amended. Each Member assumes the obligations and responsibilities set forth in the Governing Documents."

As relevant here, section 13.4 of the JPA Bylaws, titled "Actuarial Soundness of Programs," pertains to the assessment at issue. It provides: "All self-insured risk management programs of the [ICRMA] shall be based on actuarial soundness at all times. The condition of each such program shall be tested by an independent actuary on an annual basis. The condition of each open program year within each such program shall be tested to determine its actuarial soundness. If it is determined by the actuary that any year is no longer actuarially sound, the appropriate actions as described in the Bylaws of each program shall be taken. In addition, upon approval of a majority of members in the program, the Governing Board reserves the right to assess the members of any program an amount determined by the Governing Board to be necessary for the soundness of the program and to allocate such assessment to the members in a fair and equitable manner."

While a member of ICRMA, the City was a participant in its Liability Program (LP). The LP is a risk sharing pool providing coverage for legal exposures incurred by ICRMA and the participating members. ICRMA has a specific set of bylaws pertaining to the LP (LP Bylaws). The LP Bylaws "are intended to be the primary source of information, contain the rules and regulations, and serve as the operational guide for the conduct of the LP."

(§ 1.1.2.)  Under section 2.6 of the LP Bylaws, titled "Assessments," it provides, in relevant part: "As approved by the [ICRMA] Governing Board, assessments may be levied on the participant for the risk sharing layer of any program year(s) when an actuary finds that the assets of the LP, as a whole, do not meet the expected discounted losses of the LP."  (§ 2.6.1.)  In addition, "Equity, from the risk sharing layer, may be exchanged between eligible program years if sufficient funds are available.  The transfer of equity will be performed such that the individual participant's share of equity is separately applied so as to maintain the integrity of each participant's balance." (§ 2.6.1.)

On November 17, 2016, the ICRMA Governing Board, which included a representative from the City, approved a $38,263,000 assessment for the LP, with each participating member having a financial obligation for a share of the assessment (2016 Assessment).  On July 1, 2017, ICRMA invoiced the City for $2,044,669.94 as its pro-rata share of the 2016 Assessment.


II.    *Trial Court Proceedings*

On September 6, 2017, City filed a complaint against ICRMA for declaratory and injunctive relief.[1]  The City sought a determination that the 2016 Assessment violated the governing documents as it was not prepared in accordance with the ICRMA Bylaws and LP Bylaws.  The City further sought to enjoin ICRMA from enforcing the assessment.

On January 31, 2022, the parties stipulated to proceed with a court trial on their written submissions.  On February 15, 2022, the parties stipulated to certain facts and evidence, including ICRMA's governing documents (i.e., the JPA Agreement, ICRMA and LP Bylaws), which was

---

[1]    The City dismissed a third cause of action for accounting.

4

accepted by the court. Each party then filed opening, opposition, and reply briefs, as well as evidentiary objections. The briefs were supported by declarations, deposition testimony, exhibits, and other evidence, much of which was subject to objections.

On September 8, 2022, the trial court issued its tentative and proposed statement of decision. After considering ICRMA's evidentiary objections and the City's response, the court issued its final statement of decision on October 7, 2022. As a preliminary matter, the court stated that "its decision was based upon stipulated facts and stipulated evidence," and therefore declined ICRMA's request to rule on evidentiary objections. The court found "a plain reading of the governance documents requires that there be an actuarial soundness review of the Liability Program as a whole before action is taken by the Governing Board. This was not done." The court rejected ICRMA's contention that the City waived its right to challenge the assessment or was otherwise estopped from disputing the process ICRMA employed because its representative voted for the assessment at the November 2016 meeting. The court reasoned, in part, there was "no evidence that the representative of the [C]ity was informed that the assessment was not done in compliance with the govern[ing] documents." The court concluded that "ICRMA failed to follow its governance documents in determining the need for and in calculating the November 17, 2016 assessment." Thus, ICRMA was in violation of the LP Bylaws, and the court "enjoin[ed] the assessment until such time as an actuarial soundness review can be completed as required by the governance documents." The court then determined the City to be the prevailing party and was entitled to attorney fees and costs.

5

On January 3, 2023, the trial court issued a judgment in favor of the City and against ICRMA. On January 20, 2023, the court granted the City's motion for attorney fees and costs.

ICRMA timely appealed from the judgment and order.

## DISCUSSION

### I.    *Standard of Review*

This case required the trial court, and now this court on de novo review, to interpret the governing documents. (*Kim v. The True Church Members of Holy Hill Community Church* (2015) 236 Cal.App.4th 1435, 1445; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 847.) This interpretation is subject to the same rules governing interpretation of contracts. (*Christian v. Flora* (2008) 164 Cal.App.4th 539, 551.) Interpreting a written document is a judicial function unless such interpretation turns upon the credibility of extrinsic evidence. (*City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 238, citing *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865; see *Saeta v. Superior Court* (2004) 117 Cal.App.4th 261, 267.) The language of a contract, if clear and explicit, must govern its interpretation. (Civ. Code, § 1638; *County of San Diego v. Ace Property & Cas. Ins. Co.* (2005) 37 Cal.4th 406, 415.) We view specific language in light of the contract as a whole and, if possible, give effect to every provision. (Civ. Code, § 1641; *County of San Diego v. Ace Property & Cas. Ins. Co., supra,* 37 Cal.4th at p. 415.)

### II.    *2016 Assessment*

On appeal, ICRMA contends it complied with the governing documents in approving the 2016 Assessment for the LP. As a preliminary matter, we

note that the parties extensively cite to evidence (i.e., declarations, documents, and other exhibits) filed in support of their trial briefs. However, in issuing its ruling, the trial court explicitly stated that its decision was based solely upon the stipulated facts and stipulated evidence. As such, we limit our review to such facts and evidence considered by the trial court. As relevant here, the parties stipulated that ICRMA was governed by the JPA Agreement and the ICRMA and LP Bylaws. The parties also stipulated to each of these governing documents as well as to the facts presented above.

However, the trial court later referenced other "evidence" outside of the stipulation to support its ultimate conclusion that ICRMA did not comply with the governing documents in issuing its assessment of the LP members. For example, the court found that James Marta, an accountant, performed the calculations for the 2016 Assessment. The court further stated that in performing his calculations, Marta focused on the status of five still open nonconsecutive deficit years in the LP. While Marta consulted Jack Joyce, an actuary, "the evidence submitted only establishes that Mr. Marta used data from one of Mr. Joyce's reports." The trial court clearly went beyond its reliance on the stipulation in issuing its decision, despite its prior statement to the contrary. We also note that Marta and Joyce filed three declarations between the two of them, all of which were subject to objections by the City. In the context of a summary judgment motion (albeit not the procedural posture here), our Supreme Court has directed appellate courts to consider all evidence except that to which objections have been made and sustained. (*Reid v. Google* (2010) 50 Cal.4th 512, 534.) Here, the trial court did not sustain any objections by either party. In fact, the court refused to rule on any objections, although its decision made reference to evidence subject to objections. However, we are constrained from reviewing the entirety of the

7

evidence based on the court's statement that it relied solely on the stipulated facts and stipulated evidence. We decline to make any factual findings in the first instance. (See *People v. Young* (2005) 34 Cal.4th 1149, 1181 [It is a fundamental principle of appellate practice that trial courts, not appellate courts, are finders of fact].)

After review of the record before us, we conclude it would be an exercise in futility to interpret the governing documents because the evidence necessary to determine whether ICRMA complied with its requirements is absent from the stipulated facts and stipulated evidence. We ultimately only have the language of the governing documents before us, not any of the actions (or inaction) of the parties leading up to the 2016 Assessment. Likewise, based on the limited record before us, we are unable to evaluate whether there is evidentiary support for the court's decision. Even if we agree with the trial court that "a plain reading of the governance documents requires that there be an actuarial soundness review of the Liability Program as a whole before action is taken by the Governing Board," we do not have evidence that it was, or was not, done here. Thus, we decline to engage in an analysis of the actions required by the Board in imposing an assessment under its governing documents.

Therefore, we agree with ICRMA that remand to the trial court is necessary for a proper evidentiary analysis to be conducted in the first instance.[2] Based on our conclusion, we do not address the other arguments raised on appeal, including the waiver and estoppel issue, as they also rely on evidence not properly considered by the trial court. (See *Old Republic Ins.*

---

[2] We note that ICRMA spent a significant portion of its briefing on appeal outlining the defects in the court's statement of decision, which were not addressed in the City's brief.

*Co. v. FSR Brokerage, Inc.* (2000) 80 Cal.App.4th 666, 679 [waiver and estoppel rest on factual determinations].)  In light of our holding, we reverse the court's order granting the City's motion for attorney fees and costs.

## DISPOSITION

We reverse the judgment.  We remand to the trial court to rule on the evidentiary objections and reconsider whether ICRMA complied with the governing documents.  We express no opinion as to the merits of the issues raised on appeal, including the requirements for imposing an assessment under the governing documents, compliance with those documents, and the waiver/estoppel issue.  These arguments may be renewed on appeal after the trial court adjudicates the issues below.  We reverse the order granting attorney fees and costs without prejudice to either party pursuing them in the trial court following resolution of the case.  ICRMA is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

MORI, J.

9